IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 19 CR 567-3 |
| v. | ) | |
| | ) | Hon. Harry D. Leinenweber |
| MILTON BROWN | ) | |

**DEFENDANT BROWNS RESPONSE TO THE GOVERNMENT'S MOTION FOR ENTRY OF PROTECTIVE ORDER GOVERNING DISCOVERY**

Defendant MILTON BROWN, by the Federal Defender Program and its attorney, MARY H. JUDGE, agrees that some protective measures are appropriate and ought to govern discovery in this case. Defendant's interest is in defending himself, as the Constitution allows. He has no interest in the unfettered or unprotected dissemination of documents describing the sexual abuse of third parties. Although Defendant does not object to the entry of a protective order, he does object to the proposed order that the government has tendered to the parties. The Government's Proposed Order is problematic because (A) it is overly broad, (B) it unduly compromises Mr. Brown's ability to prepare a defense, and (C) it is inequitable. For these reasons, Defendant asks that the Court enter the protective order that is attached as Exhibit A to this Response, as it strikes a fair balance between the needs of the defense and the protection of third parties.

**ARGUMENT**

Protective orders are not entered as a matter of course in criminal or even civil cases. Under Federal Rule of Criminal Procedure 16(d)(1), the Court "may,

for *good cause*, deny, restrict, or defer discovery or inspection, or grant other appropriate relief" (emphasis added). Mr. Brown agrees that there is good cause to support the entry of a protective order governing legitimately sensitive information. He objects, however, to the entry of a blanket protective order that also covers non-sensitive information. The government has not demonstrated good cause to establish why a protective order is necessary for all information, including non-sensitive information, in this case.

**A. The Government's Proposed Protective Order Is Overly Broad And Is Not Supported By Good Cause**.

According to its motion, the government seeks an order because the discovery includes "sensitive information, whose unrestricted dissemination could adversely affect law enforcement interests and the privacy interests of third parties." [Dkt. 43 at 2]. If the government only sought to restrict this sensitive third-party information, then there would be no dispute among the parties. To be sure, Mr. Brown readily agrees that sensitive information exchanged in discovery should be protected. However, the Government's Proposed Order goes far beyond protecting sensitive information. Indeed, the government asks this Court to restrict defendant's use of *all discovery*, regardless of whether it contains sensitive information. The Government's Proposed Order is not limited to the documents containing information concerning the sexual abuse of third parties. Rather, it encompasses all of the discovery in this case, even discovery containing no private or sensitive information that merits protection. Even more broadly, the Government's Proposed Order also covers "*any* notes or records of *any* kind" that defendants and his counsel make regarding discovery documents.

2

Government's Proposed Order. The government has not demonstrated good cause to support such a broad request.

As was appropriately noted by the Third Circuit, "good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007) (internal citations omitted). Moreover, "the burden of justifying the confidentiality of *each and every* document sought to be covered by the protective order remains on the party seeking the order." *Id.* (emphasis added.) In considering a request for a protective order, the court must "balance the public's interest in the information against the injuries the disclosure would cause," as well as the Defendant's interest. *Id.*

Here, the government's motion makes no such showing of a specific harm particular to the facts of this case that would be prevented by the terms of the proposed order encompassing non-sensitive information. For the showing of harm to be sufficiently specific, more is required than a bare assertion that "dissemination could adversely affect law enforcement interests and the privacy interests of third parties." Dkt. #18. Importantly, the government's motion references sensitive information, but its proposed order was not limited in this way. If it were, there would not be an objection.

Courts in this district have already rejected similar requests from the government for a carte blanche protective order. In *United States v.*

3

*Pietrzykowski*, No. 12-cr-39-02, Judge St. Eve agreed that the government's proposed protective order, which utilized the same language quoted above and sought to restrict non-sensitive information, was overly broad. Dkt. 72 at 2, attached as Exhibit B. Similarly, in *United States v. Turner*, No. 11cr663, Magistrate Judge Cox denied a portion of the government's motion because it was overbroad, concluding: "There simply is no authority for the proposition that the government may limit the use of discovery materials by the defense under the Federal Rules of Criminal Procedure without a specific review of the materials to determine whether the limitations are warranted." Doc. No. 21, attached hereto as Exhibit C.

Mr. Brown's proposed protective order is also consistent with the model Confidentiality Order for civil cases in the Northern District of Illinois. Form LR26.2 narrowly and precisely defines Confidential Information, and puts restrictions on the use and dissemination of that Confidential Information, as opposed to *all* documents in discovery. By limiting the Confidentiality Order's restrictions to the documents containing Confidential Information, the order is more narrowly tailored to balance the parties' interests. Mr. Brown's proposed order replicates this balancing. The government's blanket protective order is not consistent with the Model Order.

In short, the government fails to provide any detailed factual basis for a protective order in its perfunctory motion that cites no case law whatsoever in support of its request. Mr. Brown responds that the Court should not enter an all-encompassing protective order. Rather, the Court's order should protect only

the sensitive and private information for which (admittedly) the government has a particularized need for protection. Mr. Brown's proposed order, which was tendered to the government prior to the filing of the government's contested motion and is attached as Exhibit A, strikes this fair balance. This proposed order is consistent with Judge St. Eve's opinion in the *Pietrzykowski* case and the model Confidentiality Order.

### B. The Government's Proposed Protective Order Unduly Compromises Mr. Brown's Ability to Prepare a Defense.

Mr. Brown also objects because the Government's Proposed Order is unduly burdensome. First, he objects to the provision requiring all notes and records created by the defense to be treated exactly the same as materials supplied by the government. Paragraph 5 of the government's proposed order states:

> "Defendant, defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials."

This proposed provision interferes with the defense's right to prepare a defense and counsel's ability to create work-product. Furthermore, given the overly broad nature of the order itself, this provision even applies to work-product pertaining to non-sensitive information.

### C. The Government's Proposed Protective Order is Inequitable.

Finally, Mr. Brown objects to the proposed protective order as inequitable. The government has excluded itself from the restrictions in the proposed order. The government is free to provide copies of materials and work product to anyone and for any purpose with no concern for the terms of the proposed order (with

5

no requirement, for example, that the government show potential witnesses a copy of the protective order, a requirement the government seeks to impose upon defense counsel alone). In turn, the government's recipients can disseminate the materials and work product at will. By its own terms then, the proposed order is unnecessary and wholly lacking in "protection." Furthermore, subjecting defendants to a charge of contempt and possible court sanctions for violation of the proposed order, while not subjecting the government to the same penalties for abuse of the proposed order in using materials and work product beyond the scope of the case, is wholly unfair.

The government's having excluded itself from the restrictions in the proposed order demonstrates that the government presumes itself capable of self-policing. The government will undoubtedly assure this Court that it will disclose materials and work product only for the purpose of this case. As both parties are capable of providing the Court with these assurances, the need for the protective order is negated.

Defense counsel assure the Court and the government that defense counsel, defendants, and employees and agents of defense counsel will responsibly handle all materials disclosed and work product created in this case. This includes an assurance that defense counsel will, upon request, return discovery materials mistakenly tendered. Defense counsel make these assurances with the understanding that she is an officer of the Court.

## **CONCLUSION**

Although the defense does not oppose the government's motion for a protective order, we do oppose the government's proposed order as overly broad and unduly burdensome. Mr. Brown respectfully submits an alternative protective order that strikes a fair balance between the needs of the defense and the protection of third parties. For the reasons stated herein, Mr. Brown asks the Court to enter the proposed protective order attached as Exhibit A to this Response.

    Respectfully submitted,

    FEDERAL DEFENDER PROGRAM
    John F. Murphy
    Executive Director

By:   /s/ *Mary H. Judge*
    Mary H. Judge
    FEDERAL DEFENDER PROGRAM
    55 E. Monroe Street, Suite 2800
    Chicago, IL 60603
    (312) 621-8300

**CERTIFICATE OF SERVICE**

      The undersigned, <u>Mary H. Judge</u>, attorney with the Federal Defender Program hereby certifies that in accordance with FED.R.CRIM. P. 49, FED. R. CIV. P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

**DEFENDANT BROWNS RESPONSE TO THE GOVERNMENT'S MOTION FOR ENTRY OF PROTECTIVE ORDER GOVERNING DISCOVERY**

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on <u>July 24, 2019</u>, to counsel/parties that are non-ECF filers.

                                            FEDERAL DEFENDER PROGRAM
                                            John F. Murphy
                                            Executive Director

                                        By: <u>*s/Mary H. Judge*</u>
                                                Mary H. Judge

MARY H. JUDGE
Federal Defender Program
55 E. Monroe St., Suite 2800
Chicago, IL 60603
(312) 621-8300